IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEONA PATRICE JEFFERSON                :

                                     :

    v.                                  :   Civil Action No. DKC 24-2663

                                       :

BMW FINANCIAL SERVICES NA, LLC        :

                                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Debt Collection Practices Act ("FDCPA") and breach of contract case are the motion to seal filed by Plaintiff Keona Patrice Jefferson ("Ms. Jefferson" or "Plaintiff") (ECF No. 7), the motion to compel arbitration filed by Defendant BMW Financial Services NA, LLC ("BMW" or "Defendant") (ECF No. 13), and the petition for judicial decision on outstanding filings and demand for accounting filed by Plaintiff (ECF No. 17).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to compel arbitration will be granted, the motion to seal will be granted, and the petition for judicial decision on outstanding filings and demand for accounting will be denied as moot.

## I.    Background

### A.    Factual Background[1]

On November 18, 2023, Plaintiff bought a used 2022 BMW X6 M50i ("Vehicle") from BMW of Silver Spring ("Seller") and entered into a Motor Vehicle Retail Installment Contract ("Contract"). (ECF No. 1-9, at 1).[2]  Pursuant to the Contract, Plaintiff agreed to pay 72 monthly installments of $1,707.53 beginning January 2, 2024.  (*Id.*).

Pursuant to the Contract, "'I,' 'me' and 'my'" refer to Plaintiff and "'you' and 'your'" refer to the Seller or the Seller's assignee.  (ECF No. 1-9, at 1).  The Contract includes an arbitration clause that states, in part:

> **Arbitration Clause**
>
> PLEASE REVIEW - IMPORTANT - AFFECTS OUR LEGAL RIGHTS
>
> **NOTICE:** Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial. If a dispute is arbitrated, I will give up my right to participate as a class representative or class member on any Claim I may have against you including any right to class arbitration or any consolidation of individual arbitrations. Discovery and rights to appeal in arbitration are generally more limited than in a lawsuit,

---

[1] The following facts are set forth in the amended complaint and construed in the light most favorable to Plaintiff.

[2] Exhibits attached to the original complaint are deemed part of an amended complaint.  Local Rule 103(6)(b).

and other rights you and I would have in court may not be available in arbitration.

**"Claim"** broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors or assigns, or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, the sale, purchase, lease, or condition of the Vehicle, this Contract, or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Contract). Any Claim shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action. "Claim" does not include any dispute or controversy about the validity, enforceability, coverage or scope of this Arbitration Clause or any part thereof (including, without limitation, the Class Action Waiver set forth below and/or this sentence); all such disputes or controversies are for a court and not an arbitrator to decide. But any dispute or controversy that concerns the validity or enforceability of the Contract as a whole is for the arbitrator, not a court, to decide.

. . . .

This Arbitration Clause shall survive any termination, payoff, or transfer of this Contract and shall also survive any bankruptcy to the extent consistent with applicable bankruptcy law. If any part of this Arbitration Clause, other than the Class Action Waiver, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. This Contract involves interstate commerce and this Arbitration Clause and any arbitration hereunder shall be governed by the FAA and not

3

by any state law concerning arbitration. However, the governing law as to the substantive issues concerning this Contract and the Vehicle shall be the law of the state of the Seller's place of business shown in Section 1 of this Contract and applicable federal law.

. . . .

**IMPORTANT: READ THE ADDITIONAL TERMS ON ALL PAGES OF THIS CONTRACT BEFORE SIGNING BELOW.**

By signing below, I agree to all the terms of this Contract. I also acknowledge and agree to the Arbitration Clause in <u>Section 18</u> of this Contract.

**NOTICE TO BUYER: 1. YOU ARE ENTITLED TO A COPY OF THIS CONTRACT AT THE TIME YOU SIGN IT. 2. UNDER STATE LAW, YOU HAVE CERTAIN RIGHTS, AMONG OTHERS: (1) TO PAY OFF THE FULL AMOUNT DUE IN ADVANCE AND OBTAIN A PARTIAL REBATE OF ANY UNEARNED CHARGE; (2) TO REDEEM THE PROPERTY IF REPOSSESSED FOR A DEFAULT; (3) TO REQUIRE, UNDER CERTAIN CONDITIONS, A RESALE OF THE PROPERTY, IF REPOSSESSED.**

(ECF No. 1-9, at 4-6). Plaintiff's and the Seller's electronic signatures appear below this text. (ECF No. 1-9, at 6). Additionally, the Contract immediately assigned the Seller's rights to Defendant, stating "The authorized signature of the Seller has the effect of: . . . (5) assigning this Contract to BMW Bank of North America, a wholly owned subsidiary of BMW Financial Services NA, LLC . . . ." (*Id.*).

On September 5, 2024, Defendant repossessed the Vehicle for failure to comply with the Contract. (ECF No. 1-10, at 1). On

September 18, 2024, Plaintiff made payments of $8,000.00 and $1,001.96 toward the account balance due. (ECF No. 6-5, at 2-3). Plaintiff's payments were sufficient to reinstate the Contract. (ECF No. 6-2, at 2). Additional payments made by Plaintiff for storage fees and repossession fees were refunded by Defendant. (ECF No. 6-6, at 2). On or about September 26, 2024, Defendant removed the repossession from Plaintiff's account record and from credit reporting agencies. (ECF No. 8, at 2).

Plaintiff alleges that, in repossessing Plaintiff's vehicle, Defendant violated the FDCPA, breached the contract, violated the Maryland Commercial Law Code, and was unjustly enriched. She also seeks a declaratory judgment that Defendant lacks standing, authority or capacity to enforce the debt and to repossess the vehicle, and violated not only the FDCPA and Maryland law, but also criminal provision 18 U.S.C. § 8.[3] (ECF No. 5, at 2).

---

[3] 18 U.S.C. § 8 does not create a cause of action. Rather, it defines "obligation or other security of the United States" in the broader statutory scheme of the federal criminal code, Title 18, to include "all bonds, certificates of indebtedness, national bank currency, Federal Reserve notes, Federal Reserve bank notes, coupons, United States notes, Treasury notes, gold certificates, silver certificates, fractional notes, certificates of deposit, bills, checks, or drafts for money, drawn by or upon authorized officers of the United States, stamps and other representatives of value, of whatever denomination, issued under any Act of Congress, and canceled United States stamps." 18 U.S.C. § 8. In any event, "[a] civil litigant cannot assert a cause of action under federal criminal provisions." *Loper v. Howard Cnty. Pub. Sch. Sys.*, No. 20-cv-3789-ELH, 2021 WL 3857857, at *10 (D.Md. Aug. 27, 2021).

### B.    Procedural Background

Plaintiff filed the original complaint on September 16, 2024 (ECF No. 1), and an amended complaint on September 25, 2024 (ECF No. 5).[4] Plaintiff moved to seal personal financial records on September 30, 2024 (ECF No. 7). On November 12, 2024, Defendant moved to compel arbitration and dismiss the amended complaint (ECF No. 13). Plaintiff opposed Defendant's motion to compel on November 27, 2024 (ECF No. 15), and on December 11, 2024, Defendant replied (ECF No. 16). On January 29, 2025, Plaintiff filed a petition for judicial decision on outstanding filings and demand for accounting (ECF No. 17).

## II.  Standard of Review

> "[M]otions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment." *Grant-Fletcher v. Collecto, Inc.*, No. 13-cv-3505-RDB, 2014 WL 1877410, at *3 (D.Md. May 9, 2014) (quoting *Caire v. Conifer Value Based Care, LLC*, 982 F.Supp.2d 582, 589 (D.Md. 2013)). Where, as here, the parties premise their arguments on documents outside the pleadings, courts consider the documents and apply the summary judgment standard. *Samura v. SavaSeniorCare Admin. Servs., LLC*, No. 1:20-cv-02095-SAG, 2020 WL 6946587, at *2 (D.Md. Nov. 25, 2020); *see also Grant-Fletcher*, 2014 WL 1877410, at

---

[4] Pursuant to Fed.R.Civ.P. 15(a)(1)(A), "a party may amend its pleading once as a matter of course" within 21 days after service. Plaintiff filed the amended complaint on September 25, 2024, nine days after she filed the original complaint. The amended complaint was served on October 1, 2024. (ECF No. 10).

> *3; *Rose v. New Day Fin., LLC*, 816 F.Supp.2d
> 245, 251-52 (D.Md. 2011).

*Miranda Sorto v. Carrols LLC*, No. 23-CV-2263-DKC, 2024 WL 2783906, at *2 (D.Md. May 30, 2024).

A court will grant a motion for summary judgment when there is no genuine dispute of a material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted).

## III. Analysis

### A.    Motion to Compel Arbitration

Defendant seeks to enforce the arbitration clause of the Contract under the Federal Arbitration Act ("FAA"). Under the FAA, a written arbitration clause is valid, enforceable, and irrevocable, "except upon grounds that exist at law or in equity for the revocation of a contract." 9 U.S.C. § 2. The FAA favors

the enforcement of arbitration agreements. *See EEOC v. Waffle House, Inc.,* 534 U.S. 279, 289 (2002). The United States Court of Appeals for the Fourth Circuit has explained that:

> We will compel arbitration under [the FAA] if: (i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." *Muriithi v. Shuttle Express, Inc.,* 712 F.3d 173, 179 (4th Cir. 2013) (citation omitted). "The issue whether a dispute is arbitrable presents primarily a question of contract interpretation, requiring that we give effect to the parties' intentions as expressed in their agreement." *Id.* If we conclude that the parties intended to arbitrate a dispute, we must enforce that agreement according to its terms. *CompuCredit Corp. v. Greendwood,* 565 U.S. 95, 97-98 (2012). At the same time, it is well-settled that a "party cannot be required to submit to arbitration any dispute which he has not agreed to submit." *Levin v. Alms & Assocs., Inc.,* 634 F.3d 260, 266 (4th Cir. 2011) (quotation omitted).

*Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.,* 2015 WL 4637967, at *6 (4th Cir. Aug.5, 2015).

"In considering whether an agreement to arbitrate is enforceable, courts must be 'mindful of the FAA's purpose "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts."'" *Miranda Sorto,* 2024 WL 2783906, at *2 (quoting *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 89 (2000)).

8

The party seeking to compel arbitration must show:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [the other party] to arbitrate the dispute.

*Adkins*, 303 F.3d at 500-01 (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)).

> Section 4 of the FAA provides that if a court is "satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. If, however, "the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." *Id*. In other words, "[s]ection 4 . . . requires that the district court—rather than an arbitrator—decide whether the parties have formed an agreement to arbitrate." *Berkeley Co. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019).

*Miranda Sorto*, 2024 WL 2783906, at *3.

It is undisputed that (1) a dispute exists between the parties, (2) the Contract evidences a transaction that involves interstate commerce, and (3) Plaintiff refuses to arbitrate the dispute.  Plaintiff contests, however, Defendant's ability to enforce the arbitration provision of the Contract, or any provision of the contract, because of Defendant's alleged breach, and Defendant's failure to demonstrate "standing, status, and

9

capacity" to move to compel arbitration under the Contract. (ECF No. 15, at 1-2).

Under Maryland law, a court, when interpreting an arbitration clause, is to "examine only the language of the arbitration agreement itself." *Hill v. Peoplesoft USA, Inc.,* 412 F.3d 540, 543 (4th Cir. 2005) (citing *Cheek v. United Healthcare of Mid-Atlantic, Inc.,* 378 Md. 139, 152-53 (2003)); *see also Mould v. NJG Food Serv. Inc.,* 986 F.Supp.2d 674, 679 (D.Md. 2013).

If the facts compel submitting the entire complaint to arbitration, the case will be stayed pending arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration.").

1. **Validity and Scope of the Arbitration Clause**

In deciding a motion to compel arbitration, district courts must "engage in a limited review to ensure that the dispute is arbitrable—i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Hooters of Am., Inc. v. Phillips,* 173 F.3d 933, 938 (4th Cir. 1999) (citation modified). In so doing, courts apply "ordinary state-law principles that

10

govern the formation of contracts." *First Options of Chi., Inc.
v. Kaplan,* 514 U.S. 938, 944 (1995).   Under Maryland law, for a
contract to be valid there must be "mutual assent (offer and
acceptance), an agreement definite in its terms, and sufficient
consideration." *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392
F.3d 114, 123 (4th Cir. 2004.).

Mutual assent may be demonstrated with signatures from both
parties. *Walther v. Sovereign Bank,* 386 Md. 412, 429–30 (2005)
("[A] party that voluntarily signs a contract agrees to be bound
by the terms of that contract.").   The Contract was executed by
both parties (ECF No. 1-9), and neither party argues that the
agreement is not clear and definite in its terms.   The agreement
explicitly lays out the requirements for arbitration.  (ECF No. 1-
9, at 5).

> An arbitration agreement, to be valid, must be
> supported by "consideration independent of the
> contract   underlying   it,   namely   mutual
> obligation." *Noohi v. Toll Bros., Inc.,* 708
> F.3d 599, 609 (4th Cir. 2013) (citing *Cheek,*
> 378 Md. at 152–53, 835 A.2d 656).  "[T]o be
> binding and enforceable, a contract must be
> supported by consideration. A 'promise becomes
> consideration for another promise only when it
> constitutes a binding obligation.' Unlike a
> binding obligation, an 'illusory promise'
> appears to be a promise, but it does not
> actually bind or obligate the promisor to
> anything.'" *Hill,* 412 F.3d at 543 (quoting
> *Cheek,* 378 Md. at 147–49, 835 A.2d 656).

*Taylor v. Santander Consumer USA, Inc.*, No. 15-cv-0442-DKC, 2015 WL 5178018, at *6 (D.Md. Sept. 3, 2015).

The arbitration clause binds both parties equally, stating that "[e]ither [Defendant] or [Plaintiff] may choose to have any dispute between [them] decided by arbitration and not in a court or by jury trial." Each party retains the same rights as the other. Both Plaintiff and Defendant unambiguously have the right to choose to have any dispute between the parties arbitrated. Accordingly, there is consideration.

The dispute must also fall within the scope of this valid Agreement. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002). Here, the arbitration agreement lists the types of "claims" subject to arbitration, including any claims related to the "sale, purchase, lease, or condition of the Vehicle." (ECF No. 1-9, at 4). This dispute is based on facts surrounding Plaintiff's purchase of the Vehicle. Therefore, the claims brought by Plaintiff fall within the arbitration agreement's definition of a "claim."

In sum, there is a valid arbitration agreement between the parties and the dispute is within the scope of that agreement.

### 2.    Enforceability of the Contract

Plaintiff argues that Defendant has breached the Contract, and therefore the arbitration agreement is no longer enforceable. (ECF No. 15, at 1-2). Because, however, "an arbitration provision is severable from the remainder of a contract[,]" a breach of the Contract does not impact the enforceability of the arbitration provision. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444-45 (2006)).

### 3.    Procedural Requirements to File a Motion

Plaintiff also opposes Defendant's motion on the grounds that, under Fed.R.Civ.P. 17(a), Defendant lacks "standing, status, and capacity to file this motion." (ECF No. 15, at 1). Plaintiff argues that pursuant to Fed.R.Civ.P. 17(a), "a real party in interest must bring claims" and "[n]o verifiable evidence has been provided demonstrating the Defendants are proper parties to enforce the contract in question." (*Id.*). Plaintiff further "challenge[s] the joinder of attorneys representing [Defendant] and request[s] proof of authority to act on behalf of [Defendant]. (*Id.*).

Plaintiff's Fed.R.Civ.P. 17(a) argument fails. Fed.R.Civ.P. 17(a) states, in relevant part, "[a]n action must be prosecuted in the name of a real party in interest." The United States Court of

13

Appeals for the Fourth Circuit has defined a real party in interest as "a [party] who possesses the right to enforce the claim and who has a significant interest in the litigation." *Coliseum Cartage Co., Inc. v. Rubbermaid Statesville, Inc.*, 975 F.2d 1022, 1024 (4th Cir. 1992) (citation modified).  Of course, Plaintiff initiated this action against the Defendant, and not vice versa.  Moreover, Defendant, by assignment, is a party to the Contract and can therefore "initiate an action to enforce its terms."[5]  *CX Reinsurance Co. Ltd. v. Johnson*, 282 A.3d 126, 135 (Md. 2022) (citing *120 W. Fayette St., LLLP v. Mayor and City Council of Balt.*, 426 Md. 14, 35 (2012)).

Plaintiff's challenge to the joinder of Defendant's attorneys also fails.  They are not "joined" in the action and Defendant is free to select the counsel of its choice.  *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 441 (1985) (Brennan, J., concurring) ("A fundamental premise of the adversary system is that individuals have the right to retain the attorney of their choice to represent their interests in judicial proceedings.").

---

[5] Defendant is a party to the contract as the valid assignee of the Seller's legal rights.  *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 290 (2008) (emphasizing "the longstanding doctrine permitting an assignee to bring suit on an assigned claim").  The Contract was signed by the Seller, BMW of Silver Spring, but was immediately assigned to BMW Bank of North America, a wholly owned subsidiary of Defendant. (ECF No. 1-9, at 6).  The arbitration agreement states that it shall survive any transfers.

Accordingly, Plaintiff's "challenge to standing, status, and capacity" fails.

### 4.    Validity of Plaintiff's Claims

Plaintiff argues that her claims are sufficient to survive a motion to dismiss under the pleading standards articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  That is irrelevant at this time but may become an issue before the arbitrator.

### B.    Motion to Seal

Plaintiff has filed a motion to seal several exhibits offered in support of her amended complaint on the ground that they "contain sensitive information that, if disclosed, could lead to identity theft, undue invasion of privacy, and financial harm." (ECF No. 7 ¶ 1).  Plaintiff seeks to seal the following exhibits: (1) a settlement option and notice for setoff instrument of exchange, (2) a notice of intent to dispose of repossessed or surrendered motor vehicle and notice of sale, (3) a money order, (4) a receipt for storage fees, (5) a payment confirmation, (6) a screenshot from Plaintiff's financing account, (7) an invoice purportedly fulfilled by Plaintiff, (8) a transaction statement sent from Defendant to Plaintiff on September 6, 2024, (9) a September 10, 2024 correspondence letter from Defendant to Plaintiff; (10) an allonge to the August 23, 2024 promissory note;

(11) a portion of a September 18, 2024 letter from Plaintiff to Defendant requesting a discharge of debt and requested documentation in exchange for payment; (12) Plaintiff's affidavit for service of process; (13) Plaintiff's "general affidavit for service of process by alternative proof of service; and (14) Plaintiff's affidavit in support of facts, laws, and equity. (ECF Nos. 6-1 to 6-14). Defendant has not opposed this motion.

Plaintiff's motion may well be deficient in that it does not provide necessary support and is overbroad. Given, however, that the parties' disputes will proceed elsewhere and this court need not consult or rely on those exhibits, the motion will be granted at present. Should the action return to active status in this court, the question of sealing will be revisited.

### C. Petition for Judicial Decision on Outstanding Filings and Demand for Accounting

Plaintiff's petition requested that the court "issue a decision on the last court filings," and that Defendant "provide a full and complete accounting of all credits, proceeds, and overages derived from the securitization or sale of the original note." (ECF No. 17, at 1-2). Because Defendant's motion to compel arbitration will be granted, Plaintiff's petition for judicial decision on outstanding filings and demand for accounting is denied as moot. *Del Webb Cmtys., Inc. v. Carlson*, 817 F.3d 867, 873 (4th Cir. 2016) ("Once it is determined . . . that the parties are

16

obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557-58 (1964)).

## IV.  Conclusion

For the foregoing reasons, Defendant's motion to compel arbitration will be granted, Plaintiff's motion to seal will be granted, Plaintiff's petition for judicial decision on outstanding filings and demand for accounting will be denied as moot, and the case will be stayed pending arbitration.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

17